IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:23-CV-00420-RJC-SCR

| | |
|---|---|
| ARTHUR MASSEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>CBRE, INC., CSHV, LLC, )<br>)<br>Defendants. ) | **MEMORANDUM AND**<br>**RECOMMENDATION** |

**THIS MATTER** is before the Court on "Defendants' Rule 12(b)(6) Motion to Dismiss [Punitive Damages Claim and Defendant CSHV, LLC entirely] for Failure to State a Claim Upon Which Relief Can Be Granted," (Doc. No. 10), and pro se Plaintiff's Response entitled "Plaintiff Did State a Claim Upon Which Relief Can Be Granted." (Doc. No. 17). On April 5, 2024, the Court issued an "Order to Show Cause" (Doc. No. 21) requiring Plaintiff to file a response on or before May 6, 2024, showing the existence of subject-matter jurisdiction or file an amended complaint stating the basis for subject-matter jurisdiction. On April 15, 2024, Plaintiff filed his one-page response (Doc. No. 22), also discussed below.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On July 13, 2023, Plaintiff filed his form book Complaint which states the following factual allegations:

> On 4-26-2023 Defendant CBRE, Inc. had dim lights in his lobby and unmark [sic] steps. I could not see steps from the direction I was comming [sic] so I fell down three flights stairs (steps) causing personal body injury plus memory loss.

(Doc. No. 1 at 4). Plaintiff seeks "personal damages-punitive damages" in the amount of $23 million. Id. He suffered "pain" in his neck, back, shoulders, hands, hips and legs, as well as memory loss. Id. Plaintiff alleges that he is a Charlotte, North Carolina resident and Defendant CBRE, Inc., is a North Carolina corporation with its principal place of business in Charlotte, North Carolina. (Doc. No. 1 at 3-4). Other than listing CSHV, LLC, in the case caption, the Complaint makes no mention of that Defendant. Likewise, the Complaint is silent as to any alleged basis for federal subject-matter jurisdiction. In their Answer, Defendants deny that CBRE, Inc., is a North Carolina corporation or headquartered there, but provide no other information. (Doc. No. 9 at 4).

Along with the Complaint, Plaintiff filed an exhibit consisting of medical records. (Doc. No. 3). The record does not reflect any surgery or other significant treatment as a result of the fall. Id.

On September 15, 2023, Defendants moved to dismiss Plaintiff's punitive damages claim as well as all claims as to Defendant CSHV, LLC. (Doc. No. 11). Similar to their Answer, Defendants state that they "do not move to dismiss for lack of diversity jurisdiction," but provide no other details. (Doc. No. 11 at 1).

On October 30, 2023, Plaintiff filed a one-page response which, in addition to the case caption and title, states in its entirety:

> Now Come Plaintiff
> The Defendants:
> 1) Was [sic] negligent – Did Not Have Sign Markers warning that Steps Ahead
> 2) Defendants Dim the Light in the lobby causing Plaintiff to Fall Down Flight of stairs.
> 3) Casusing [sic] serious bodily injury and memory loss $23,000,000.

(Doc. No. 17).[1]

---

[1] Plaintiff cannot supplement his claims or add new factual allegations through a response or opposition brief. See Mylan Labs., Inc. v. Akzo, N.V., 770 F. Supp. 1053, 1068 (D. Md. 1991), aff'd, 2 F.3d 56 (4th Cir. 1993); see also

In his one-page Response to the Court's Order to Show Cause, Plaintiff states in entirety:

(1) Come now Plaintiff.
(2) Come now Plaintiff. [sic] stat [sic] that he went to Charlotte District Court first to file a claim against (CBRE, Inc.) I were [sic] told by Cleark [sic] of Court that Plaintiff [sic] claim where [sic] over a $ million dollars.
(3) Therefore Plaintiff would have [sic] file his claim in Federal Court.

(Doc. No. 22).

Defendants' Motion is ripe for disposition.

## II. DISCUSSION

"The existence of subject matter jurisdiction is a threshold issue, which this court must address before addressing the merits of [Plaintiff's] claim[s]." Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). The United States Courts are courts of limited jurisdiction and "may only exercise that jurisdiction which Congress has prescribed." Chris v. Tenet, 221 F.3d 648, 655 (4th Cir. 2000) (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)).

Subject-matter jurisdiction is so limited, in fact, that federal "[c]ourts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010) (citations omitted). "No party can waive the defect, or consent to [subject-matter] jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own." Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 389 (1998) (internal citations omitted). See also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1945 (2009) ("Subject-matter jurisdiction cannot be forfeited or waived and should be considered

---

Zachair Ltd. v. Driggs, 965 F. Supp. 741, 748 n. 4 (D. Md. 1997), aff'd, 141 F.3d 1162 (4th Cir. 1998). Plaintiff has failed to properly bring those allegations before the Court because the allegations are outside of a complaint or an amended complaint. See McNulty v. Commc'ns Workers of Am., No. 3:12CV-22-MOC-DSC, 2012 WL 1569601, at *3 (W.D.N.C. Mar. 16, 2012) ("Additional factual allegations contained in a response brief are not considered on a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6)").

when fairly in doubt.") (citing Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006); United States v. Cotton, 535 U.S. 625, 630 (2002)).

Under 28 U.S.C. § 1331, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Additionally, a federal court has supplemental jurisdiction over "all other claims that are so related to [federal] claims in the action. . . that they form part of the same case or controversy. . . ." 28 U.S.C. § 1367(a). Here, Plaintiff has not alleged a federal claim, and from the record, there does not appear to be the existence of any potential federal claim. Instead, Plaintiff's claim expressly arises under state law.

The Court now examines whether there is a basis to conclude that the exercise of federal diversity of citizenship jurisdiction is appropriate. Generally, a case falls within a district court's diversity jurisdiction only if diversity of citizenship among the parties is complete – that is, only if no plaintiff and defendant are citizens of the same State – and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); Carden v. Arkoma Associates, 494 U.S. 185, 187 (1990); Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806); Conlon v. Barber, No. 5:23-CV-00040, 2024 WL 233240, at *5 (W.D. Va. Jan. 22, 2024) (citing Cent. W. Va. Energy Co., Inc. v. Mountain State Carbon, LLC, 636 F.3d 101, 103 (4th Cir. 2011)).

"The party asserting federal jurisdiction bears the burden of establishing federal jurisdiction." Hall v. Bank of Am. Corp., No. 3:18-CV-108-RJC-DSC, 2019 WL 215617, at *3 (W.D.N.C. Jan. 16, 2019), aff'd, 765 F. App'x 33 (4th Cir. 2019) (citing Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994)). In his Complaint, Plaintiff does not check the box either for federal question or diversity of citizenship. (Doc. No. 1 at 3). However, under the heading "If the Basis for Jurisdiction Is Diversity of Citizenship," Plaintiff states he is a North Carolina citizen and that CBRE, Inc. is incorporated under the laws of "NC" and has its principal

place of business in "Charlotte, NC." (Doc. No. 1 at 4). Id. 3-4. For diversity jurisdiction to exist, "the citizenship of every plaintiff must be different from the citizenship of every defendant." Cent. W. Va. Energy Co., 636 F.3d at 103 (citations omitted). If Plaintiff's bald assertion that CBRE, Inc. is a North Carolina corporation is taken as true, diversity jurisdiction is defeated because both Plaintiff and Defendant CBRE, Inc. are citizens of the same state. Defendant CBRE, Inc. denies being a North Carolina citizen, but provides no further details.

Despite Plaintiff's claim for an extravagant amount of damages, the Court also is unable to conclude that more than $75,000 is actually in controversy. Based on the words of his Complaint and his medical records, Plaintiff suffered pain in various body parts as a result of his fall. There is no allegation or indication of serious or permanent injury resulting from the fall nor of significant medical treatment, other than the continuation of treatment Plaintiff was receiving prior to the fall and at least partially as a result of other events. Accordingly, at this point in the proceedings and on the present record, it appears with legal certainty that Plaintiff's claim is really less than the amount necessary to convey jurisdiction. See Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 353 (1961) (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938)).

Mindful that Plaintiff is pro se, the Court gave Plaintiff another opportunity to show why subject-matter jurisdiction exists in this matter. (Doc. No. 21). The Court also reminded Plaintiff that he may opt to file an Amended Complaint to include allegations addressing why this Court has subject-matter jurisdiction. Id. The Court warned Plaintiff that if subject-matter jurisdiction is not established, the lawsuit would be subject to dismissal. Id. Unfortunately, the response from Plaintiff provided no further clarity as to why this Court has subject-matter jurisdiction. (Doc. No. 22).

Therefore, having inquired into the matter, the undersigned respectfully recommends that

the Complaint be dismissed without prejudice for lack of subject-matter jurisdiction. Given that the Court concludes it does not presently have jurisdiction over this matter, the undersigned will not further address the merits of this matter. Accordingly, the undersigned recommends denying Defendant's Motion to Dismiss by CBRE, Inc. (Doc. No. 10) and Motion for Leave to File Early Discovery by CBRE, Inc. (Doc. No. 20) as moot.

## III.    RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's Complaint be **DISMISSED** without prejudice for lack of subject-matter jurisdiction, and that Defendant's Motion to Dismiss by CBRE, Inc. (Doc. No. 10) and Motion for Leave to File Early Discovery by CBRE, Inc. (Doc. No. 20) be **DENIED** as moot.

## IV.    TIME FOR OBJECTIONS

The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Id. "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

The Clerk is directed to send copies of this Memorandum and Recommendation to pro se Plaintiff, counsel for Defendants, and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED**  Signed: May 24, 2024

_____
Susan C. Rodriguez
United States Magistrate Judge