UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-00420-RJC-SCR

| | |
|---|---|
| ARTHUR MASSEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **ORDER** |
| CBRE, INC.; CHSV, LLC, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**THIS MATTER** is before the Court on Defendant CBRE, Inc.'s Motion to Dismiss, (Doc. No. 10); the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 23), recommending that this Court dismiss Plaintiff's Complaint, (Doc. No. 1), for lack of subject-matter jurisdiction and deny Defendant's Motion to Dismiss as moot; and Plaintiff's Objection to the M&R, (Doc. No. 24).

## I. BACKGROUND

No party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in the M&R.

## II. STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified

1

proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Id.* Similarly, when no objection is filed, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee note).

### III. DISCUSSION

Under Rule 72(b) of the Federal Rules of Civil Procedure, a district court judge shall make a de novo determination of any portion of an M&R to which specific written objection has been made. Having conducted a full review of the M&R, Plaintiff's Objection to the M&R, and other documents of record, the Court finds that Plaintiff has failed to submit a specific written objection directing the Court to a specific error in the Magistrate Judge's proposed findings and recommendations. Plaintiff's Objection, containing only one unrelated factual allegation, fails to rebut the M&R's sound reasoning. That Plaintiff disagrees with the M&R's result is insufficient. Nevertheless, having conducted a full review of the record, the Court hereby finds that the recommendation of the Magistrate Judge is, in all respects, in

2

Case 3:23-cv-00420-RJC-SCR   Document 26   Filed 09/11/24   Page 2 of 3

accordance with the law and should be approved. Accordingly, the Court **ADOPTS** the recommendation of the Magistrate Judge as its own.

IV. **CONCLUSION**

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 23), is **ADOPTED**;

2. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED WITHOUT PREJUDICE**;

3. Defendant CBRE, Inc.'s Motion to Dismiss, (Doc. No. 10), and Motion for Leave to File Early Discovery, (Doc. No. 20), are **DENIED** as moot.

4. The Clerk is directed to close this case.

Signed: September 11, 2024

Robert J. Conrad, Jr.
United States District Judge